Terry Bolton, Director Arkansas Commission on Law Enforcement and Training Post Office Box 3106 East Camden, Arkansas 71711
Dear Mr. Bolton:
I am writing in response to your request for my opinion on a question I will paraphrase as follows:
 Is it a violation of Arkansas law for the Commission on Law Enforcement Standards and Training (the "Commission") to approve allowing the Arkansas Law Enforcement Training Academy ("ALETA") to charge and accept reimbursement for the use of ALETA facilities for non-ALETA training courses?
By way of background, you report that your request is based upon "[u]se of ALETA driving track, training vehicles, classrooms, firing range, and other facilities for non-ALETA training." You elaborate on this subject as follows:
Various agencies, from time to time, request to use ALETA facilities to conduct non-ALETA training. Such training is neither developed by, conducted by [n]or instructed by ALETA, but is approved by the Commission, through the Office of Law Enforcement Standards.
 The Commission on Law Enforcement Standards and Training has approved the use of ALETA facilities for such training with the agencies reimbursing ALETA for the cost of the use of ALETA facilities and equipment. *Page 2 
In an Internal Control and Compliance Review (the "Review"), dated June 30, 2006, the Legislative Joint Auditing Committee, citing A.C.A. § 12-9-107, which provides that instruction and training programs for state and local law enforcement officers be conducted at no cost to a local political subdivision, questioned whether it was appropriate for ALETA to seek reimbursement from the Texarkana, Arkansas Police Department for expenses incurred by ALETA in allowing Commission-approved training activities at its facilities (specifically, in that instance, a pursuit driver training class) when that training program had apparently been conducted solely by the police department's personnel.[1]
RESPONSE
In my opinion, the answer to your question is, in all likelihood, "no": although the question would benefit from legislative clarification, it is probably not a violation of Arkansas law for ALETA to charge and accept reimbursement for the use of its facilities for what you term "non-ALETA training." In providing this answer, I assume when you use the term "non-ALETA training" you mean a course of law enforcement training that with Commission approval, is developed and conducted solely by a local law enforcement agency and that uses ALETA facilities. As explained below, I believe ALETA is in all likelihood entitled to accept reimbursement from the local law enforcement agency under these circumstances. However, to the extent you are also asking whether ALETA may allow organizations or individuals not associated with any Arkansas law enforcement agency to use its facilities, for a fee or not, it is my opinion it may not. The relevant statutes do not allow for the use of ALETA property by anyone other than law enforcement.
DISCUSSION
The law with respect to the Commission and ALETA, respectively, is set forth in subchapters 1 and 2 of title 12, chapter 9 of the Arkansas Code (Repl. 2003 and *Page 3 
Supp. 2009). Section 12-9-107 of the Arkansas Code (Supp. 2009), which you reference in your request, provides as follows:
 (a) For the purpose of this subchapter, the Arkansas Commission on Law Enforcement Standards and Training may cooperate with federal, state, and local law enforcement agencies in establishing and conducting instruction and training programs for law enforcement officers of this state, its counties, and municipalities.
 (b) The commission shall establish and maintain police training programs through such agencies and institutions as the commission may deem appropriate to carry out the intent of this subchapter, including provision for training participants under the age of twenty-one (21) in the Arkansas Police Corps Scholarship Program.
 (c) The commission shall work with each state agency and political subdivision that adheres to the selection and training standards established by the commission to provide allowable tuition, living, and training expenses incurred by the officers in attendance at approved training programs.
 (d)(1) It is the intent of this subchapter that the expenses of attending the approved training programs established pursuant to subsection (c) of this section shall be furnished by the state through the law enforcement training academy or any other manner that may be prescribed by the commission and no cost or charge shall be made to any local political subdivision for the actual cost of the training.
 (2) However, the state shall not be liable for the travel cost or any salary in connection with attending any training program.
 (e) The expenses of attending training provided pursuant to a memorandum of understanding between the State of Arkansas and the United States Department of Justice or the Department of Homeland Security shall be paid in accordance with the provisions of § 12-8-104. *Page 4 
 (f) The Arkansas Commission on Law Enforcement Standards and Training shall administer the training and certification program for court security officers under the Arkansas Court Security Act, § 16-10-1001 et seq.
(Emphases added.)
At issue in your question appears to be whether the fact that the Commission has approved a particular training course to be conducted at an ALETA facility triggers the statutory requirement that the state defray the expenses of the training, even though the training has been fashioned and conducted exclusively by a local law enforcement agency? In my opinion, the answer to this question is likely "no."
Subsection 12-9-107(b) of the Code expressly mandates that the Commission "establish and maintain police training programs" — a provision that, if read in isolation and strictly construed, might be read as precluding the Commission from even authorizing the use of ALETA facilities for a variant program. However, the restriction set forth in this subsection is strongly mitigated by the provision of subsection (a) authorizing the Commission to "cooperate with federal, state and local law enforcement agencies in establishing and conducting instruction and training programs. . . ." See also
A.C.A. § 12-9-104(5) (charging the Commission to "[c]onsult and cooperate with counties, municipalities, agencies of this state, other governmental agencies, and with universities, colleges, junior colleges, community colleges and other institutions or organizations concerning the development of police training schools and programs or courses of instruction"). In my opinion, then, the Commission is authorized to approve training programs, to be conducted on ALETA facilities, that have been fashioned and will be conducted by local law-enforcement agencies.[2] Specifically with respect to the training of the Texarkana, Arkansas Police Department, I do not believe the Code precludes ALETA from receiving compensation for its expenses incurred in training such Arkansas law enforcement officers.
I am reinforced in this conclusion by the provisions in subsections (c) and (d) of the statute dictating that courses based upon "training standards established by the commission" furnished "through the law enforcement training academy or any *Page 5 
other manner that may be prescribed by the commission" be offered at state expense. Although the issue would benefit from legislative clarification, I read these provisions as committing the state to defray the expenses of law-enforcement training only to the extent that the commission has established the program and that the training occurs on an ALETA facility. The fact that the commission apparently interprets the statutes to mean precisely this strongly supports my interpretation. Accordingly, I do not consider it a violation of the statute if ALETA charges a local law-enforcement agency for ALETA's expenses in allowing the agency to conduct independent training exercises on ALETA facilities.
It is further my opinion that the above-recited statutes do not contemplate the training of organizations or individuals not associated with an Arkansas law enforcement agency, whether for compensation or not. I must note in this regard that I am neither situated nor authorized to make a determination whether ALETA facilities have in fact been devoted to the training of groups that do not qualify as law enforcement officers.[3] I can opine, however, that the training of entities other than law enforcement agencies using ALETA facilities, whether for compensation or not, does not appear to be contemplated in the Code. I find nothing in either the Code or the Rules and Regulations of the Executive Commission on Law Enforcement Standards and Training to suggest that ALETA's facilities should be made available to individuals or groups not falling within the statutory definition of "law enforcement officers." Although I appreciate that making ALETA facilities available for such purposes may be useful as a matter of public policy, the fact remains that the Code does not authorize any such use. If, as my inquiries suggest, ALETA has indeed been offering its facilities for training entities other than law enforcement agencies, I believe this practice runs counter to statutory mandates. In my opinion, only the legislature could broaden the scope of ALETA's authority to validate what appears to have been past practice in this regard. *Page 6 
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:JHD/cyh
[1] The Review further notes that the Texarkana, Texas Police Department also participated in the training exercise, although it does not recite whether this out-of-state police department was charged for expenses incurred by ALETA. The Legislative Joint Auditing Committee recommended that the Commission seek a determination whether state resources could be used for any purpose other than to provide training of state law enforcement officers.
[2] My inquiries reveal, for instance, that local authorities regularly conduct training programs at ALETA facilities.
[3] Subsection 12-9-102(2) of the Code defines as a member of a law enforcement agency "any appointed law enforcement officer who is responsible for the prevention and detection of crime and the enforcement of the criminal, traffic, or highway laws of this state, excluding only those officers who are elected by a vote of the people."